IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MEDIA QUEUE, LLC, an Oklahoma Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-08-402-KEW |
| NETFLIX, INC.; BLOCKBUSTER, INC.; GAMEFLY, INC.; and GREENCINE HOLDINGS, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant Netflix, Inc.'s Opposed Motion to Transfer Venue filed December 3, 2008 (Docket Entry #55). Written statements of joinder in the Motion were filed by Defendant Gamefly, Inc. on December 4, 2008 (Docket Entry #62), Defendant Blockbuster, Inc. on December 4, 2008 (Docket Entry #64), and Defendant Greencine Holdings on January 7, 2009 (Docket Entry #100). Numerous declarations supporting the Motion have also been filed of record. Plaintiff has responded and Defendant Netflix, Inc. has replied.

Further, on January 23, 2009, this Court entertained oral argument on the venue issue. Appearances were noted at the hearing by counsel Michael J. Newton and Patrick D. O'Connor as well as Kajeer Yar, a principal for Plaintiff; David Burrage and Matthew I. Kreeger for Defendant Netflix, Inc. ("Netflix"); Reuben Davis on behalf of Defendant Blockbuster, Inc. ("Blockbuster"); Monte Cooper

and Joel L. Wohlgemuth for Defendant GameFly, Inc. ("GameFly")[1], and Thomas M. Ladner for Defendant Greencine Holdings, LLC ("Greencine"). Upon review of the filings of the parties and consideration of the arguments of counsel, this Court renders this ruling.

Plaintiff commenced this action in this District on October 24, 2008, alleging all of the Defendants violated the patent it now owns identified as the "243 Patent." In the Joint Status Report and Proposed Discovery Plan filed by the parties on December 4, 2008, Plaintiff described the functioning and purpose of its patent as "a system and method of providing subscribers with notifications concerning the status of their on-line media queues and providing such users with recommendations if said on-line media queues reach a predetermined threshold."

Through its Motion, Netflix and the joining Defendants contend that this action should be transferred to the United States District Court for the Northern District of California under the authority of 28 U.S.C. § 1404(a). This statute provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. § 1404(a). None of the parties contend venue is improper in

---

1 Subsequent to the presentation of evidence and while this matter was under advisement, Plaintiff filed a Notice of Settlement in Principle in relation to its claims against GameFly on February 20, 2009.

either the Northern District of California or the Eastern District of Oklahoma. Moreover, no challenge to the propriety of general or specific jurisdiction in either venue has been asserted.

The moving party bears the burden of establishing that the action should be transferred because the existing forum is inconvenient. <u>Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.</u>, 579 F.2d 561, 567 (10th Cir. 1978). The decision to transfer is discretional and must be made in accordance with individualized, case-by-case consideration of convenience and fairness. <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d 1509, 1516 (10th Cir. 1991). Factors to be considered are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine the questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.
>
> <u>Id</u>. citing <u>Texas Gulf Sulphur Co. v. Ritter</u>, 371 F.2d 145, 147 (10th Cir. 1967).

Netflix and the other Defendants joining in the request to transfer venue contend the convenience of the parties and witnesses would dictate the case be transferred. Specifically, Defendants state (1) a key witness, John Gross, who was the inventor and patent prosecutor of the 243 Patent; (2) Netflix is headquartered

3

in Los Gatos, California, therefore, relevant corporate documents, personnel, and computer servers are located in California; (3) decisions surrounding the offered services of Netflix and, consequently, any activity alleged to be violative of the 243 Patent, occurred in California; (4) about 0.1 % of all of Netflix's subscribers reside in the Eastern District of Oklahoma; (5) while Netflix has a distribution center in Oklahoma City, Oklahoma, located in the Western District of Oklahoma, the dispute over the 243 Patent does not entail Netflix's distribution of rental DVDs but rather the method of e-mail notification concerning their rental queues; (6) Blockbuster is headquartered in Dallas, Texas but joins in the request to transfer to California; (7) Greencine is a Delaware limited liability company with its principal place of business in Van Nuys, California, where the totality of its corporate records and witnesses are located; (8) Greencine operates an online video rental business with its distribution center in Van Nuys, California, with no offices or operations outside of California;  (9) Greencine has a single subscriber in the Eastern District of Oklahoma and that is the principal for Plaintiff, Mr. Yar; (10)  Greencine is a company consisting of six (6) employees which attests it would be financially burdened if required to litigate this case in this District; (11) GameFly is a Delaware corporation with its headquarters and principal place of business located in Los Angeles, California, where its 117 employees,

4

executive staff and computer programers are located; (12) GameFly operates an online video game rental service with shipping facilities in California, Pennsylvania, Florida, and Texas. GameFly has no offices or employees in this District or in Oklahoma; (13) GameFly attests that the cost of litigation would be "substantially lessened" if the case were transferred to the Northern District of California; (14) GameFly's supporting affidavit also states the accessibility of witnesses and documents would be far greater in California than this District. Its records facility is located in Los Angeles, California; (15) GameFly's server cluster from which e-mail notifications are sent to subscribers is located in Irvine, California; (16) GameFly's employees and former employees with information relevant to its defenses reside in California; and (17) over 10,000 GameFly subscribers are located in California while only about 485 reside in this District.

For its part, Plaintiff offers evidence that (1) its founder and sole member, Mr. Yar, is an Oklahoma resident; (2) Plaintiff's documentation and offices are located in Tulsa, Oklahoma; (3) Mr. Yar has many contacts with Oklahoma, generally, and this District, specifically; (4) Mr. Gross, the inventor and prosecuting attorney for the 243 Patent, is willing to travel to this District for trial, this District is "convenient" for him, and he agrees to travel here without compulsory process; and (5) Plaintiff's choice

of forum should prevail over merely shifting the inconvenience to it by transferring the case to California.

This Court begins from the position that a plaintiff is the master of its own lawsuit, at least insofar as choice of venue is concerned. Typically, a plaintiff is given wide latitude in choosing a particular forum for commencing and prosecuting an action. *See*, Chrysler Credit Corp., 928 F.2d at 1515; Texas Gulf Sulphur Co., 371 F.2d at 147; Headrick v. Atchison, T.& S.F.Ry., 182 F.2d 305, 310 (10th Cir. 1950). However, Plaintiff's position of supremacy is not absolute. "[W]here the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight." Cook v. Atchison, Topeka & Santa Fe Ry. Co., 816 F.Supp. 667, 669 (D.Kan. 1993) citing Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 990 (E.D. N.Y. 1991); *see also*, ROC, Inc. v. Progress Drillers, Inc., 481 F.Supp. 147, 151 (W.D. Okla. 1979).

The only material commonality between this action and this District is the one time residency in this District of the principal of the Plaintiff entity. Plaintiff itself is headquartered in the Northern District of Oklahoma. The relationship between the various Defendants and this District is, at best, random and minimal.

6

Certainly, the basis of this action – the alleged violation of the 243 Patent – has no particular foundation in this District but rather stems from the operation and maintenance of the various Defendants' websites, all of which are available for access in this District but emanate from another location, most commonly the locale of Defendants' servers in California and Texas. Therefore, this Court affords Plaintiff's choice of this District as the forum for this lawsuit little weight in the venue analysis.

Turning to the remaining factors cited in the Chrysler Credit case, those pertaining to accessibility of witnesses and other evidence, the ability of this Court to compel attendance of witnesses at trial, the cost of presenting the case, the relative congestion of dockets, and other practical considerations have any bearing upon this case.[2] It is clear from the evidence that the vast majority of witnesses, documentation, and technical equipment necessary for the defense and prosecution of this action are located in California and it would be more convenient for those witnesses to be accessed in California. Should any of these witnesses in California resist voluntary attendance at trial, all would likely be outside of this Court's authority to compel their attendance. Moreover, the cost of this litigation would be greatly expanded if the case were permitted to remain in this District,

---

[2] While the parties cite extensively to the recent case of In re TS Tech USA Corp., 551 F.3d 1315 (Fed. Cir. 2008), this Court finds the more relevant case authority binding this Court lies in the Tenth Circuit's analysis in the Chrysler Credit case.

given the extensive travel necessary for witnesses and examination of Defendants' facilities.

Plaintiff makes much of the relative congestion of dockets in federal courts in California compared to this Court, even suggesting that a similar tact as has been adopted by the Western District of Texas be employed by this Court in accepting patent cases primarily because of the lack of docket congestion in this District.  While this Court can appreciate Plaintiff's desire to litigate this case as expeditiously as practicable, the fact this Court's dockets are less crowded than that of the Northern District of California is but one factor for consideration of a forum non conveniens request.  It is by no means of paramount importance in the analysis and does not persuade this Court that this District represents the better, more convenient venue.

As a final matter which might be fall within the "other practical considerations" category, this Court would be remiss if it did not recognize Plaintiff's apparent efforts to maneuver the facts to establish venue in this District.  The Plaintiff entity was registered with the Secretary of State for the State of Oklahoma established on October 7, 2008, some seventeen days prior to the filing of this action on October 24, 2008.  The principal for Plaintiff, Mr. Yar, was responsible for subscribing to Greencine in close proximity to the filing of this case – the only subscriber within the District.  These efforts do not assist

Plaintiff's cause.

IT IS THEREFORE ORDERED that Defendant Netflix, Inc.'s Opposed Motion to Transfer Venue filed December 3, 2008 (Docket Entry #55) is hereby **GRANTED**.  Accordingly, this action is hereby **TRANSFERRED** to the United States District Court for the Northern District of California for further disposition.

IT IS SO ORDERED this ___24th___ day of February, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE