Sean P. DeBruine (SBN 168071)
 (sean.debruine@alston.com)
ALSTON + BIRD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:	650-838-2000
Facsimile:	650-838-2001

Michael J. Newton (CA SBN 156225)
 (michael.newton@alston.com)
Jason W. Cook (admitted pro hac vice)
 (jason.cook@alston.com)
Stacey G. White (admitted pro hac vice)
 (stacey.white@alston.com)
ALSTON + BIRD LLP
2200 Ross Avenue, Suite 3601
Dallas, TX 75201-2708
Telephone:	214-922-3400
Facsimile:	214-922-3899

Attorneys for Defendant
MEDIA QUEUE, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDIA QUEUE, LLC,<br><br>                    Plaintiff,<br><br>       v.<br><br>NETFLIX, INC., et al.,<br><br>                    Defendants. | Case No. 3:09-cv-01027-SI<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all Parties to this lawsuit have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order.  This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents and information containing confidential, proprietary business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information may presently be without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this litigation, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1. Confidential Information, including documents, deposition testimony or discovery responses containing Confidential Information, as well as copies thereof, disclosed or produced by any party in this litigation (or by any third party or non-party) are referred to as "Protected Matters." Except as otherwise indicated below, all documents, deposition testimony or discovery responses designated by a producing party as "Confidential," or "Attorney's Eyes Only" and which are disclosed or produced to the attorneys for a party to this litigation are Protected Matters and are entitled to confidential treatment as described below.

2. Protected Matters designated as "Confidential" shall be limited to material that the designating party believes in good faith must be held confidential to protect business or commercial interest. Protected Matters designated as "Attorney's Eyes Only" shall be limited to material that the designating party believes in good faith is so commercially sensitive or confidential that the disclosure to employees of another party, even under the restricted terms and conditions applicable to material designated "Confidential," would not provide adequate protection to the interest of the designating party.

1  3. Protected Matters shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, (c) materials or documents that have been disseminated or disclosed to the public or (d) documents that have been submitted to any governmental entity without request for confidential treatment.

4. Any document or tangible thing containing or including any Protected Matters may be designated as such by the producing party by marking it "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" prior to or at the time copies are furnished to the receiving party.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party, may be designated as Protected Matters by any party (or by the third party disclosing any such Confidential Information) as "Confidential" or "Attorney's Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorney's Eyes Only" and is subject to the provisions of this Order.  All deposition transcripts shall be treated as "Attorney's Eyes Only" for a period of fifteen (15) days after the receipt of the transcript. Any party (or third party having disclosed such Confidential Information) may also designate information disclosed at such deposition as "Confidential" or "Attorney's Eyes Only" by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorney's Eyes Only" thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorney's Eyes Only", with blank, consecutively numbered pages being provided in a nondesignated main transcript.

6. At any time after the delivery of Protected Matters, counsel for the party or parties receiving the Protected Matters may challenge the designation of all or any portion thereof by providing written notice to counsel for the party disclosing or producing the Protected Matters.  If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Matters wishing to contest the designation may file a motion with the Court with regard to any Protected Matters in dispute.  Upon the filing of such a motion by the receiving

party or parties, the party or parties producing the Protected Matters shall have the burden of establishing that the disputed Protected Matters are entitled to confidential treatment. All Protected Matters are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

7. Protected Matters and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

8. Protected Matters designated as "Confidential" and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure) only to the following persons:

    a. Counsel of record in this litigation for the party or parties receiving Protected Matters;

    b. In-house counsel for the party or parties receiving Protected Matters, or in-house counsel for the affiliates, including parent corporations and subsidiaries, of such receiving parties, responsible for supervising this litigation on behalf of the party;

    c. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this actions;

    d. The Court;

    e. Actual or potential independent experts or consultants (including translators) who have been properly designated pursuant to paragraph 10, below; and

    f. Two party representatives who have been properly designated pursuant to paragraph 10, below.

9. Protected Matters designated as "Attorneys Eyes Only" and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure) only to the following persons:

    a. Counsel of record in this litigation for the party or parties receiving Protected Matters;

    b. Employees of such counsel (excluding experts and investigators) assigned to and

    necessary to assist such counsel in the preparation and trial of this actions;

  c. The Court; and

  d. Actual or potential independent experts or consultants (including translators) who have been properly designated pursuant to paragraph 10, below.

10. A party desiring to disclose Protected Matters to an expert or consultant, or to a party representative, shall give prior written notice to the producing party, who shall have five (5) business days after such notice is given to object in writing, identifying with particularity the basis for the objection.  Any objection shall not be unreasonably made.  The parties shall meet and confer in good faith to resolve the disagreement.  If the parties cannot resolve the dispute, the objecting party shall have an additional five (5) business days after the meet and confer in which to file a motion for an Order forbidding disclosure to the proposed individual.  No disclosure of Protected Matters may be made to the disputed expert, consultant or party representative until after the validity of the objection has been resolved, either by negotiation or the Court.  If no objection is made after (5) business days, the party disclosing the expert, consultant or party representative may disclose Protected Matters to the proposed individual.  If an objection is made and no motion is filed within (5) business day of the meet and confer, the party disclosing the expert, consultant or party representative may disclose Protected Matters to the proposed individual.

11. Each individual to whom Protected Matters is disclosed under paragraph 8(b), (c), (e) and (f), or paragraph 9(b) and (d) shall execute prior to such disclosure a declaration and agreement (at Exhibit A) stating that the individual agrees to be bound by the terms of this Protective Order, that the individual is not currently involved in patent prosecution with regard to technology related to online media rental services, e-mail notification systems, and automated queue replenishment systems, and that during the pendency of this lawsuit and for three years following entry of judgment in the above-captioned action, the individual will not be involved in patent prosecution with regard to technology related to online media rental services, e-mail notification systems, and automated queue replenishment systems.

12. A defendant may choose to produce source code as follows:

  a. A single electronic copy of source code may be produced in native format for

inspection to Media Queue on a password-protected stand-alone computer provided by counsel for the producing party for use in the above-captioned lawsuit only. A stand alone computer is a computer that is not connected to any internal or external computer network and does not have the ability to connect to the Internet or World Wide Web.

b. The stand-alone computer shall be located at a mutually-agreed upon location, with the costs of housing the stand-alone computer, if any, to be borne by the producing party.

c. Only Media Queue's outside counsel and experts approved pursuant to paragraph 10, above, shall have access to the stand-alone computer. No other individuals shall view the source code in connection with the above-captioned lawsuit. The stand-alone computer may not be modified in any manner by Media Queue's outside counsel and experts;

d. No electronic copy of the source code, or any portion of the source code, may be made except pursuant to a further order of the court;

e. To the extent deemed appropriate by the parties, pertinent portions of source code may be used as (a) attachments to Expert Reports, (b) deposition exhibits, or (c) trial exhibits, only to the extent necessary. Such use of source code shall be in paper form only and marked HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEY AND EXPERTS EYES ONLY. Any notes pertaining to the source code prepared either by Media Queue' counsel or experts shall be marked HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEY AND EXPERTS EYES ONLY and stored in a secure location;

f. The party producing the source code shall provide a manifest of the source code files loaded onto the stand-alone computer, listing the name and location of every source code file installed on the computer; and

g. At the end of this lawsuit, the stand-alone computer will be returned to the producing party, and any and all copies or portions of the source code designated for copying

shall be returned to the producing party within forty five (45) days from the end of the lawsuit.

13. Protected Matters and any information contained therein shall be used solely for the prosecution of this litigation.

14. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

15. To the extent that Protected Matters or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Matters or information contained therein. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Matters. A Party that seeks to file under seal any Protected Matters must comply with Civil Local Rule 79-5.

16. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by such person, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

17. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "Confidential" or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

18. The party or parties receiving Protected Matters shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Matters or any information contained herein.

19. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court remains and shall have continuing jurisdiction over the parties and recipients of the Protected Matters for enforcement of the provisions of this Order following termination of this litigation.

20. Upon final termination of this litigation, by dismissal, judgment, or settlement, the party or parties receiving Protected Matters shall return the Protected Matters and all copies thereof to their counsel. Notwithstanding the foregoing, counsel of record may retain copies of any Protected Matters in accordance with its normal document retention policy. Such Protected Matters shall continue to be subject to the terms and conditions of this Order notwithstanding the final termination of the litigation.

21. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

22. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Order. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

23. In the event a party wishes to use any "Confidential" or "Attorney's Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Attorney's Eyes Only" information used therein shall be filed under seal in compliance with Civil Local Rule 79-5.

24. Nothing in this Order shall preclude any party to this litigation or their attorneys from (1) showing a document designated as "Confidential" or "Attorney's Eyes Only" to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, prior to the filing of this action, or; (2) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "Confidential" or "Attorney's Eyes Only".

25. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon written notice by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving party promptly shall collect all copies of the documents and return them to the

producing party. This provision, however, does not waive the receiving party's right to later contest the assertion of such privilege pursuant to the Federal Rules of Civil Procedure and other applicable law.

AGREED AS TO FORM AND CONTENT:

/s/ Michael J. Newton
Attorney for Plaintiff
Media Queue, LLC

/s/ Matthew I. Kreeger
Attorney for Defendant
Netflix, Inc.

/s/ Scott W. Breedlove
Attorney for Defendant
Blockbuster, Inc.

/s/ Thomas M. Ladner
Attorney for Defendant
Greencine Holdings, LLC

**So ORDERED and SIGNED this \_\_\_day of _____, 2009.**

_____
**JUDGE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE**

### ATTESTATION

Pursuant to General Order 45, paragraph X, I hereby attest that I have the concurrence of all signers in the filing of this Stipulated Protective Order.

/s/
Sean P. DeBruine
ALSTON & BIRD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIA QUEUE, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br>BLOCKBUSTER, INC., AND<br>GREENCINE HOLDINGS, LLC<br><br>   Defendants. | Case No. 3:09-cv-01027-SI |

## DECLARATION AND AGREEMENT OF CONFIDENTIALITY

I certify that I have read the Stipulated Protective Order for the above-styled case. I fully understand the terms of the Order. I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms. I consent to the personal jurisdiction of the United States District Court, Northern District of California, for any proceeding involving the enforcement of the Order. I declare that I am not involved in patent prosecution with regard to technology related to online media rental services, e-mail notification systems, and automated queue replenishment systems. I declare and agree that, during the pendency of this action and for three years following entry of judgment in this action, I will not be involved in patent prosecution with regard to technology related to online media rental services, e-mail notification systems, and automated queue replenishment systems.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this _____ day of _____ in _____.

_____
Signature

_____ Name

_____
Affiliation